FILED

NOT FOR PUBLICATION

DEC 15 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORMAN T. POWELL, | No. 14-16837 |
| Petitioner-Appellant, | D.C. No. 3:02-cv-00350-HDM-WGC |
| v. | |
| RICK WALKER; FRANKIE SUE DEL PAPA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted November 18, 2016
San Francisco, California

Before: **KOZINSKI**, **GILMAN**** and **FRIEDLAND**, Circuit Judges.

A federal court is barred from considering a habeas petition that is

procedurally defaulted under state law. See Coleman v. Thompson, 501 U.S. 722,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

750 (1991). A claim of actual innocence can overcome the procedural default. See Schlup v. Delo, 513 U.S. 298, 321 (1995). The claim must rely on new evidence: "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." Id. at 316. At oral argument, in response to a question about whether he was relying on Herrera v. Collins, 506 U.S. 390 (1993), Powell expressly disclaimed that he was making a standalone actual innocence claim. Accordingly, we review only whether Powell has made a claim of actual innocence as a gateway to overcome his procedural default.

An element of the statute under which petitioner Norman Powell was convicted, Nevada Revised Statutes § 202.287(1)(b), required the government to prove that there was a local ordinance designating the area of the shooting as a populated area. Powell argues that there was no such ordinance at the time of his conviction. Assuming that this is true, Powell's argument is not new evidence. If, as Powell claims, there was no qualifying local ordinance until 1998, then Powell could have raised this claim in 1995 when he was convicted. He did not raise it in his direct appeal or first state habeas petition. There has been no change in law or

newly discovered evidence that demonstrates Powell's innocence.  Thus, we cannot consider Powell's petition.

**AFFIRMED.**